IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DEBBIE LLOYD DASH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 112-015 |
| | * | |
| UNITED STATES DEPARTMENT OF | * | |
| THE ARMY, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Presently before the Court is Defendant's motion to dismiss this action for lack of subject matter jurisdiction. (Doc. 10.) Upon due consideration, Defendant's motion is **GRANTED**.

**I. BACKGROUND**

On January 17, 2007, Plaintiff Debbie Dash underwent surgery for a Zenker's Diverticulum at the U.S. Army Medical Department Dwight D. Eisenhower Army Medical Center ("DDEAMC") at Ford Gordon, Georgia. (Compl., Doc. 1, at 4.) There were complications from the surgery, of which Ms. Dash and her husband, Franklin Dash, were made aware. (Id.) According to Ms. Dash, she woke up from surgery with a tube in her neck because a muscle in her throat was torn during surgery, but the doctor assured her husband that he "would take care of [her]." (Id.) As a result of the complications, however, Ms.

Dash spent time in the ICU and required a second surgery the next day. (Id.)

On November 23, 2009, Ms. Dash filed a Standard Form 95 administrative claim alleging medical malpractice, which was received by the Officer of the Center Judge Advocate ("OCJA") at DDEAMC. (Doc. 10, Ex. A.) Although Ms. Dash initially reported that the surgery occurred in January 2008, she corrected this error on December 9, 2009. (Id., Ex. C.) On March 1, 2010, the Tort Claims Division of the Department of the Army sent Ms. Dash a letter denying her claim based on her failure to comply with the Federal Tort Claims Act's ("FTCA") two-year limitations period. (Id., Ex. D.) Specifically, Ms. Dash's claim was filed in November 2009, two years and ten months after her surgery. Ms. Dash twice sought reconsideration of that decision, both of which were denied on September 27, 2010 and January 10, 2011 respectively. (Id., Exs. E-H.) Each denial letter informed Ms. Dash that she had six months from the September 27th letter to file suit in district court. (Id., Exs. F, H.)

On March 25, 2011, Ms. Dash filed a complaint in this Court, alleging medical malpractice and fraud. Dash v. Chasen, et al., Case No. 1:11-cv-39, Doc. 1 (S.D. Ga. March 25, 2011) (hereinafter referred to as "Dash I"). After affording Ms. Dash an extension on the time to serve, the United States Magistrate Judge issued a Report and Recommendation that Ms. Dash's complaint be dismissed for failure to timely effect service. (Dash I at Docs. 8, 10.) Concurring with the recommendation, this Court dismissed Ms. Dash's

2

complaint without prejudice on November 28, 2011. (Dash I at Doc. 13.) Ms. Dash appealed this decision to the Eleventh Circuit Court of Appeals, which affirmed the dismissal on January 10, 2013, and denied her petition for rehearing *en banc* on March 20, 2013. (See Doc. 24, Ex. 1.) Thereafter, the Supreme Court denied certiorari on December 9, 2013, and also denied a petition for rehearing on January 27, 2014. (Id.)

Amidst this appeal, Ms. Dash filed a second complaint on January 27, 2012. Her second complaint arises out of the same facts as her March 2011 complaint, alleging medical malpractice and fraud. Defendant moved to stay consideration of this second case pending the resolution of Ms. Dash's appeal. (Doc. 15.) Following termination of the appellate process, Defendant moved to lift the stay and proceed with the case (doc. 24), which this Court did on September 30, 2014 (doc. 25). Now before the Court is Defendant's motion to dismiss the January 2012 complaint for lack of subject matter jurisdiction (doc. 10).

## II. DISCUSSION

Ms. Dash brings her claims against the Department of the Army under the FTCA. With the FTCA, the government waives sovereign immunity under certain circumstances. However, plaintiffs bringing suit under the FTCA must first comply with two basic procedural requirements: (1) "A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." S.R. v. United

3

States, 555 F. Supp. 2d 1350, 1354 (S.D. Fla. 2008) (citations omitted); and (2) the plaintiff must adhere to the applicable statute of limitations. See 28 U.S.C. § 2401(b). Here, Ms. Dash seemingly met her burden of filing an administrative claim; however, Ms. Dash has failed to comply with each of the two statute of limitations requirements.

Specifically, the FTCA provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Id. Thus, "[i]t is undisputed that under section 2401(b), a tort claim must be presented to the appropriate federal agency within two years after the claim accrues *and* the lawsuit must be commenced within six months after the receipt of a final agency decision." Phillips v. United States, 260 F.3d 1316, 1317 (11th Cir. 2001).

As a general rule, the two year statute of limitations under the FTCA begins to run when the plaintiff is injured. Price v. United States, 775 F.2d 1491, 1493 (11th Cir. 1985). However, with medical malpractice cases, the statute of limitations is tolled until the plaintiff "possesses the critical facts of her injury and its cause." Id. Upon plaintiff's discovery that "her injury is probably attributable to some act of those who treated her, there is no longer any reason to toll the statute of limitations." Id. Here, Ms. Dash was injured on January 17, 2007, and was informed of the mistake in surgery immediately thereafter but did not file her

4

administrative claim until November 23, 2009 — approximately ten months after the two year deadline expired. It is clear from the record that Ms. Dash was fully aware of the cause of her injuries immediately following the surgery. The doctor reported the mistake to her husband on the day of the surgery, and Ms. Dash underwent a second, unplanned surgery as a result of the complication the next day. Thus, Ms. Dash failed to comply with the two year statute of limitations imposed by the FTCA.

Moreover, Ms. Dash failed to file the instant complaint within six months of the final denial of her claim. The final denial of Ms. Dash's complaint occurred on September 27, 2010, and she filed her first law suit on March 25, 2011, which was within the six month time frame. However, that action was dismissed for failure to timely effect service, and Ms. Dash did not file the instant complaint until January 27, 2012 — one year and four months after the September 27th denial. Although it is undisputed that Ms. Dash met the six month deadline with respect to her first complaint, that statute of limitations period is not tolled when a claim is dismissed. See Goff v. United States, 659 F.2d 560, 562 (5th Cir. 1981) ("It is also well established that the fact that a dismissal of an earlier suit was without prejudice does not authorize the bringing of the suit later outside of an otherwise binding limitations period.").[1] Thus, Ms. Dash has failed to meet both

---

[1] Although Fifth Circuit decisions after September 30, 1981 are not binding precedent, the Eleventh Circuit recognized the principle set forth in Goff in Stein v. Reynolds Sec., Inc., 667 F.2d 33 (11th Cir. 1982).

applicable statute of limitations deadlines, and her complaint must be dismissed.

### III. CONCLUSION

Although the Court is sympathetic to Ms. Dash's injuries and status as a *pro se* litigant, "in construing the FTCA's statute of limitations, we should not take it upon ourselves to extend the waiver beyond that which Congress intended." Phillips, 260 F.3d at 1318. Accordingly, Defendant's motion to dismiss (doc. 10) is **GRANTED**. The **CLERK** is **DIRECTED** to **CLOSE** this case and terminate all pending motions.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of October, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA